# B-01-045

JS 44
(Rev 07/89)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I (a) PLAINTIFFS
Feliciano Martinez

### DEFENDANTS
USA; John Ashcroft, Joe Lopez, et al

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Travis
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586
956-421-3226

**ATTORNEYS (IF KNOWN)**
Office of the US Attorney, Brownsville, TX

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Federal Tort Claims; 42 USC §1983 & Bivens; also, declaratory judgment, 28 USC § 2201

### V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R R & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **LABOR** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl Ret Inc Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights | | | |

### VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 3/20/01

SIGNATURE OF ATTORNEY OF RECORD: Lisa S. Brodyaga

**UNITED STATES DISTRICT COURT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 0 2001

Michael N. Milby
Clerk of Court

```
FELICIANO MARTINEZ,              )
     Plaintiff,                  )
                                 )
v.                               )
                                 )
UNITED STATES OF AMERICA,        )   CIVIL ACTION NO. B-01-045
JOHN ASHCROFT, U.S.              )
   ATTORNEY GENERAL,             )
JOE LOPEZ, INDIVIDUALLY          )
   AND IN HIS CAPACITY AS        )
   AN AGENT OF THE USINS,        )
JOHN DOE #1, INDIVIDUALLY        )
   AND IN HIS CAPACITY AS        )
   AN AGENT OF THE USINS,        )
JOHN DOE #2, INDIVIDUALLY        )
   AND IN HIS CAPACITY AS        )
   AN AGENT OF THE USINS,        )
JOHN DOE #3, INDIVIDUALLY        )
   AND IN HIS CAPACITY AS        )
   AN AGENT OF THE USINS,        )
JANE DOE #1, INDIVIDUALLY        )
   AND IN HER CAPACITY AS        )
   AN AGENT OF THE USINS,        )
JANE DOE #2, INDIVIDUALLY        )
   AND IN HER CAPACITY AS        )
   AN AGENT OF THE USINS, and    )
JANE DOE #3, INDIVIDUALLY        )
   AND IN HER CAPACITY AS        )
   AN AGENT OF THE USINS,        )
     Defendants.                 )
_____)
```

PLAINTIFF'S ORIGINAL COMPLAINT
AND REQUEST FOR DECLARATORY JUDGMENT

I.   INTRODUCTION

1. This civil action was triggered by actions of the individual Defendants, agents of the Immigration and Naturalization Service, ("INS"), which resulted in the illegal arrest and detention, malicious prosecution, and "expedited removal" from the United States of the United States Citizen Plaintiff, in March of 2000.

2. The threats and inhumane "investigatory tactics" utilized against the Plaintiff by agents of the INS, plus their unjustified refusal to conduct even a minimal investigation of the valid documents which he presented when seeking admission to the United States, all of which resulted in the coerced signature by Plaintiff on a statement known by said INS agents to contain "admissions" about the place of his birth which were contrary to what Plaintiff had consistently maintained to be the truth, (and which was, in fact, the truth), and to distort truthful statements made by him, renders Defendant United States liable, under the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq,* and 42 U.S.C. §1983, and pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), for violation of his civil rights, and the Texas common law torts of negligence, false arrest, assault, malicious prosecution, and intentional infliction of emotional distress.

3. Plaintiff seeks monetary relief against Defendant United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.,* 42 U.S.C. §1983, and *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), and the laws of the State of Texas.

4. Plaintiff further seeks a declaratory judgment, declaring that he is, in fact, a native born United States citizen, so that he not be subjected to further harassment in the future, and so that he may obtain a document, to wit, a United States Passport, which will permit him to exercise his First Amendment right to engage in international travel, free from fear that he will not be permitted to return to his native land upon his return.

## II. JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 [Federal Question], 28 U.S.C. §2201 [ the Declaratory Judgment Act], 28 U.S.C. §§1346(b) and 2671, *et seq,* [the Federal

2

Tort Claims Act]; 42 U.S.C. §1983 [Civil Rights] and *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971) [*Bivens*].

6. Venue is proper in the Southern District of Texas under 28 U.S.C. §1402(b), in that the events giving rise to these claims occurred in this judicial district.

7. Plaintiff timely filed an administrative claim with the INS, on or about August 31, 2000, pursuant to 28 U.S.C. §2675(a). A formal written denial of the claim was forwarded to counsel on September 28, 2000, making jurisdiction in this Court appropriate pursuant to 28 U.S.C. §2675(a).

### III. THE PARTIES

8. Plaintiff Feliciano Martinez is a United States citizen. He currently resides in Houston, Texas.

9. Defendant United States of America is a sovereign nation responsible for the enforcement operations, investigations, arrests, detentions and deportations ("removals"), executed by the officers, agents and employees of the INS.

10. Defendant John Ashcroft is the United States Attorney General, responsible for the enforcement operations, investigations, arrests, detentions and deportations ("removals"), executed by the officers, agents and employees of the INS.

11. Defendant Joe Lopez (hereinafter "Defendant Lopez") is an agent of the Immigration and Naturalization Service.

12. Defendant John Doe #1 (hereinafter "Agent Allen") is an agent of the United States Immigration and Naturalization Service whose identity is presently unknown.

3

13. Defendant John Doe #2 (hereinafter "Agent Bob") is an agent of the United States Immigration and Naturalization Service whose identity is presently unknown.

14. Defendant John Doe #3 (hereinafter "Agent Charlie") is an agent of the United States Immigration and Naturalization Service whose identity is presently unknown.

15. Defendant Jane Doe #1 (hereinafter "Agent Alice") is an agent of the United States Immigration and Naturalization Service whose identity is presently unknown.

16. Defendant Jane Doe #2 (hereinafter "Agent Betty") is an agent of the United States Immigration and Naturalization Service whose identity is presently unknown.

17. Defendant Jane Doe #3 (hereinafter "Agent Cathy") is an agent of the United States Immigration and Naturalization Service whose identity is presently unknown.

## IV.  STATEMENT OF FACTS

18. Plaintiff Feliciano Martinez was born December 18, 1979, in Los Angeles County, California, at the USC Medical Center. He was attended at birth by Randall Barnes, an Intern. His birth was accepted for registration by the State of California on January 18, 1980, and a Certificate of Live Birth was issued on February 29, 1980. At that time, his family was residing in California, and, at approximately the same time, a Social Security card, No. 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 was mailed to, and received by them, at their address of 11054 Herrick, Pacoima CA 91331.

19. Plaintiff's next younger brother, Gadino Martinez, was also born in California, on or about December 16, 1980. Both of Plaintiff's parents were Mexican nationals, and were undocumented

4

immigrants. Shortly after the birth of Gadino, the family returned, with Plaintiff, to Ayutla, Municipio of Izucar de Matamoros, Puebla, Mexico, where he was raised.

20. In order to obtain such social services as vaccinations, and free schooling, on October 15, 1981, Plaintiff's father, Fortino Martinez-Herrera, registered Plaintiff with the Mexican authorities, stating that he had been born in their home, on December 18, 1979.

21. When Plaintiff reached the age of approximately eighteen, he decided to move to the United States. At that time, the family had misplaced his original birth certificate, so, though a newspaper advertisement, he located and hired an attorney in Texas to obtain a duplicate. He provided the attorney with his true and correct information, and approximately $300, and the attorney obtained a copy of his birth certificate, properly issued by the State of California, on November 1, 1999.

22. With this document, Plaintiff moved to Houston, Texas, with his younger brother, Gadino Martinez. He obtained a valid Texas driver's license, and found employment. Periodically, he would visit his family in Ayutla, Mexico.

23. On his return from such a visit, on or about March 2, 2000, Plaintiff sought admission as a United States Citizen at the International Bridge, in Brownsville, Texas. He presented his California birth certificate, issued November 1, 1999, his Social Security Card, and his Texas driver's license.

24. However, he was referred to secondary for an investigation of his California birth certificate and other documents.

25. Defendant Jane Doe #1 concluded that Plaintiff's California birth certificate was fraudulent, solely on the grounds that the

5

ink was allegedly "too blue."

26. Plaintiff was thereafter passed to Defendant Lopez, for the purpose of obtaining a statement confirming this pre-formed conclusion that the document was fraudulent.

27. Plaintiff continued to affirm the validity of his documents, and requested that Defendant Lopez investigate this claim.

28. This could have been accomplished, and all the suffering and damages suffered by Plaintiff avoided, if Defendant Lopez had simply made a phone call to the Social Security Administration, such as was later placed by an Assistant United States Attorney, who was advised by the SSA that the card had been properly issued to Plaintiff within weeks of his birth.

29. However, Defendant Lopez refused to conduct even a minimal investigation of Plaintiff's claim, telling him sarcastically that it was not Plaintiff's business to tell him how to do his job.

30. Plaintiff was thereafter detained, and subjected by Agent Lopez to threats, intimidation, and insults, until he signed a "statement" purporting to confirm the pre-formed conclusion that his birth certificate was fraudulent, because the ink was "too blue." For example, Agent Lopez used profanity in referring to Plaintiff's Mother, and threatened that if Plaintiff did not sign the paper that Agent Lopez had prepared, he would be fined $5,000, and would spend six months in jail.

31. Plaintiff felt completely at the mercy of Defendant Lopez, and saw no escape other than to sign the paper, which he did. Defendant Lopez did not translate the paper to Plaintiff, but Plaintiff more or less understood that Defendant Lopez had put in there what he had wanted to hear, and that this doubtless included alleged "admissions" that the birth certificate and Social Security

6

card were fraudulent, and that Plaintiff was not a United States citizen, even though he had at no time made such "admissions."

32. Exactly this transpired. Plaintiff's truthful statement that he had hired an attorney to obtain a duplicate birth certificate was distorted into a "confession" that he had "purchased" a fraudulent birth certificate and Social Security Card from said attorney. And in said statement was an alleged "confession" that Plaintiff had been born in Mexico, and had no claim to U.S. citizenship.

33. The following day, Plaintiff was taken before a United States Magistrate, and convicted of attempting to enter the United States by presenting a counterfeit birth certificate. By the time formal proceedings were conducted, Plaintiff had concluded that resistance was futile: his will to resist was overcome, and he involuntarily pled guilty to the charges. He did not want to spend six months in jail, and be fined $5,000, as Defendant Lopez had threatened would occur, if he continued to assert birth in the United States.

34. Shortly thereafter, Plaintiff was returned to Mexico, pursuant to 8 U.S.C. §1225(b)(1) ("expedited removal").

35. Through his brother in Houston, Texas, Plaintiff promptly obtained counsel. Actions were filed March 27, 2000, to vacate the Expedited Removal Order, and to set aside the criminal conviction.

36. Counsel also persuaded an Assistant United States Attorney to check Plaintiff's Social Security Number. He called the Social Security Administration, and was advised that it had been validly issued to Plaintiff in early 1980, based on the contemporaneous registration of Plaintiff's birth in California. As a result, he agreed to join Plaintiff in the motion to vacate the conviction. However, INS was not so easily convinced, and as a result of their intervention, the Assistant United States Attorney withdrew this agreement, until such time as INS could be convinced. As a result,

7

Plaintiff's return to the United States, and resolution of the case, were unnecessarily delayed.

37. Eventually, Plaintiff's counsel convinced INS to "parole" him into the United States while the investigation proceeded, in order to "mitigate damages" resulting from his unlawful removal. However, even though the sole accusation against him had been disproven, i.e., even after his birth certificate and Social Security card had been shown to be valid, and in the absence of any evidence against him other than the "statement" taken by Defendant Lopez, which "statement" asserted that the birth certificate was fraudulent, not that it related to someone other than the Plaintiff, INS unreasonably demanded proof that Plaintiff was the person named therein, causing additional damages to Plaintiff.

38. On or about June 26, 2000, (by presenting the original, yellowed copy of his *Mexican* birth certificate, and receipt for his Social Security Card), Plaintiff finally convinced INS that he was the person named in the California birth certificate, and a native-born United States citizen. Those documents belonging to him which INS had not caused to be destroyed were returned to him; on July 21, 2000, an Order Granting Writ of Habeas Corpus was entered, vacating the "Order of Expedited Removal," and on August 22, 2000, an "Order Vacating Judgment and Conviction" was entered, vacating Plaintiff's criminal conviction.

39. As a result of the refusal of Defendants to conduct even a minimal investigation to determine whether the documents Plaintiff presented were fraudulent, by, for example, calling the Social Security Administration to confirm that the card he presented had been issued to him in early 1980, and as a result of the use of threats, insults, and intimidation as a substitute for valid investigatory procedures, Plaintiff's civil rights were violated: he was unlawfully arrested and detained, maliciously prosecuted,

8

improperly convicted of a criminal offense, and unlawfully returned to Mexico, and denied prompt repatriation, even after it was learned that the documents were not fraudulent, causing him great emotional and financial hardship.

40. Plaintiff continues to suffer collateral consequences of these actions, and has attempted, unsuccessfully, to obtain a United States Passport, to avoid such problems in the future. On information and belief, Plaintiff alleges that, as a result of the events in March of 2000, the U.S. State Department has demanded, as a prerequisite to issuing such a Passport, further "proof of identity," consisting of documents which do not exist, because Plaintiff was not raised in the United States, and has not yet lived in the United States long enough to create the five-year long "paper trail" of his status as a U.S. citizen which they demand.

41. The intentional conduct of Defendants in refusing to investigate the validity of Plaintiff's documents, and in utilizing threats, insults, and intimidation, in lieu of conducting an actual investigation, or setting up Plaintiff for a hearing with an Immigration Judge, and in demanding "proof of identity," even after it was determined that his documents were not fraudulent, directly and proximately caused Plaintiff to suffer loss of earnings, emotional distress, mental anguish, humiliation, loss of dignity and reputation, pain and suffering, and other damages.

42. At all times relevant to the instant action, the agents of the INS involved herein were acting in their official capacity, and within the scope of their employment, under the authority of Defendant United States of America.

## V.  FIRST CAUSE OF ACTION
### FEDERAL TORT CLAIMS ACT; 42 U.S.C. §1983, AND *BIVENS*
### Negligence

9

43. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 - 42 of the complaint.

44. The reckless and negligent arrest, the refusal to conduct a proper investigation, the preparation and coerced signing of a "statement" known to contain matters adamantly denied by Plaintiff, in lieu of conducting an actual investigation, or setting up Plaintiff for a hearing with an Immigration Judge, the referral for criminal prosecution, the detention and removal from the United States of the Plaintiff, and destruction of certain documents validly issued to him, and the unreasonable delay of his repatriation, and the return to him of the remaining documents, carried out by Defendant United States agents of the INS have caused Plaintiff to suffer damages and seek relief from Defendant United States of America pursuant to the Federal Tort Claims Act; 42 U.S.C. §1983, and *Bivens*.

45. As a direct and proximate result of the negligent actions of the agents of the INS described above, Plaintiff suffered loss of wages, dignity and reputation; extreme emotional distress, mental anguish, humiliation, pain and suffering, and other damages.

46. Plaintiff is entitled to actual and compensatory damages.

## VI.   SECOND CAUSE OF ACTION
### FEDERAL TORT CLAIMS ACT; 42 U.S.C. §1983, AND *BIVENS*
#### False Arrest

47. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 - 46 of the complaint.

48. The intentional actions of Defendant United States' agents of the INS, in falsely arresting, refusing to conduct a proper investigation, preparing and obtaining of Plaintiff's coerced signature on a "statement" known to contain matters adamantly

10

denied by Plaintiff, in lieu of conducting an actual investigation, or setting up Plaintiff for a hearing with an Immigration Judge, referring him for criminal prosecution, detaining and removing Plaintiff from the United States, and in causing the destruction of certain documents validly issued to him, and unreasonably delaying his repatriation, and the return to him of the remaining documents, carried out by Defendant United States agents of the INS have caused Plaintiff to suffer damages and seek relief from Defendant United States of America pursuant to the Federal Tort Claims Act; 42 U.S.C. §1983, and *Bivens*.

49. As a direct and proximate result of the intentional actions of the agents of the INS described above, Plaintiff suffered loss of wages, dignity and reputation; extreme emotional distress, mental anguish, humiliation, pain and suffering, and other damages.

50. Plaintiff is entitled to actual and compensatory damages.

## VII. THIRD CAUSE OF ACTION
### FEDERAL TORT CLAIMS ACT; 42 U.S.C. §1983, AND *BIVENS*
### Assault

51. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 - 50 of the complaint.

52. The intentional actions of Defendant United States' agents of the INS, in falsely arresting, assaulting, refusing to conduct a proper investigation, preparing and obtaining Plaintiff's coerced signature on a "statement" known to contain matters adamantly denied by Plaintiff in lieu of conducting an actual investigation, or setting up Plaintiff for a hearing with an Immigration Judge, referring him for criminal prosecution, detaining and removing Plaintiff from the United States, and in causing the destruction of certain documents validly issued to him, and unreasonably delaying his repatriation, and the return to him of the remaining documents,

11

carried out by Defendant United States agents of the INS have caused Plaintiff to suffer damages and seek relief from Defendant United States of America pursuant to the Federal Tort Claims Act; 42 U.S.C. §1983, and *Bivens*.

53. As a direct and proximate result of the intentional actions of the agents of the INS described above, Plaintiff suffered loss of wages, dignity and reputation; extreme emotional distress, mental anguish, humiliation, pain and suffering, and other damages.

54. Plaintiff is entitled to actual and compensatory damages.

## VIII.  FOURTH CAUSE OF ACTION
### FEDERAL TORT CLAIMS ACT; 42 U.S.C. §1983, AND *BIVENS*
### Intentional Infliction of Emotional Distress

55. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 - 54 of the complaint.

56. The intentional actions of Defendant United States' agents of the INS, in falsely arresting, refusing to conduct a proper investigation, preparing and obtaining of Plaintiff's coerced signature on a "statement" known to contain matters adamantly denied by Plaintiff, in lieu of conducting an actual investigation, or setting up Plaintiff for a hearing with an Immigration Judge, referring him for criminal prosecution, detaining and removing Plaintiff from the United States, and in causing the destruction of certain documents validly issued to him, and unreasonably delaying his repatriation, and the return to him of the remaining documents, carried out by Defendant United States agents of the INS have caused Plaintiff to suffer damages and seek relief from Defendant United States of America pursuant to the Federal Tort Claims Act; 42 U.S.C. §1983, and *Bivens*.

57. As a direct and proximate result of the intentional actions of

the agents of the INS described above, Plaintiff suffered loss of wages, dignity and reputation; extreme emotional distress, mental anguish, humiliation, pain and suffering, and other damages.

58. Plaintiff is entitled to actual and compensatory damages.

## VI.   FIFTH CAUSE OF ACTION
## DECLARATORY JUDGMENT ACT

59. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 - 58 of the complaint.

60. The intentional actions of Defendant United States' agents of the INS, in falsely arresting, refusing to conduct a proper investigation, preparing and obtaining of Plaintiff's coerced signature on a "statement" known to contain matters adamantly denied by Plaintiff, in lieu of conducting an actual investigation, or setting up Plaintiff for a hearing with an Immigration Judge, referring him for criminal prosecution, detaining and removing Plaintiff from the United States, and in causing the destruction of certain documents validly issued to him, and unreasonably delaying his repatriation, and the return to him of the remaining documents, carried out by Defendant United States agents of the INS have caused Plaintiff to suffer injury and seek relief from Defendant United States of America pursuant to the Declaratory Judgment Act.

61. To secure a United States Passport, and avoid future problems Plaintiff is entitled to a Declaratory Judgment, declaring and adjudging him to be a United States Citizen.

## PRAYER FOR RELIEF

WHEREFORE, PREMISED CONSIDERED, Plaintiff prays that this Court provide the following relief:

13

1. Award Plaintiff actual and compensatory damages, in an amount to be determined at trial, against Defendant United States of America for claims arising under the Federal Tort Claims Act; 42 U.S.C. §1983, and *Bivens v. Six Unknown Named Agents, supra*;

2. Award Plaintiff actual and compensatory damages, in an amount to be determined at trial, against Defendant Joe Lopez, and such other Defendants as may be shown at trial to have violated the civil rights of Plaintiff;

3. Issue a Declaratory Judgment, declaring and adjudging Plaintiff to be a United States citizen;

3. Award Plaintiff costs and reasonable attorney fees, and

4. Award Plaintiff such other and further relief as the Court may deem just and proper at law and in equity.

Respectfully Submitted,

*[signature]*

Lisa S. Brodyaga, Attorney
REFUGIO DEL RIO GRANDE, INC.
17891 Landrum Park Road
San Benito, Texas 78586              Texas Bar No. 03052800
(tel) (956) 421-3226                 Federal ID No. 1178
(fax) (956) 421-3423

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served upon Nancy Masso, Assistant United States Attorney, 600 E. Harrison, Brownsville, Texas, by hand delivery on March 20, 2001.

*[signature]*

Lisa S. Brodyaga

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

___Southern___ DISTRICT OF ___Texas___

Feliciano Martinez

v.

The United States of America
et al

SUMMONS IN A CIVIL ACTION

CASE NUMBER: B-01-045

TO: (Name and Address of Defendant)

Joe Lopez
c/o USINS
International Bridge, Brownsville, Tx

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within ___60___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

3/20/01
DATE

CLERK

BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

___Southern___ DISTRICT OF ___Texas___

Feliciano Martinez

v.

The United States of America
et al

SUMMONS IN A CIVIL ACTION

CASE NUMBER **B-01-045**

TO: (Name and Address of Defendant)

US Attorney,
PO Box 61129
Houston, TX 77208

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within ___60___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

_(signature)_

BY DEPUTY CLERK

3/20/01

DATE

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

**Southern** DISTRICT OF **Texas**

Feliciano Martinez

v.

The United States of America et al

SUMMONS IN A CIVIL ACTION

CASE NUMBER: **B-01-045**

TO: (Name and Address of Defendant)

John Ashcroft, US Attorney General
950 Pennsylvania Ave. NW #5111
Wash. DC 20530-0001

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within **60** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

_[signature]_
BY DEPUTY CLERK

DATE: 3/20/01