9

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 6 2001

Michael N. Milby
Clerk of Court

FELICIANO MARTINEZ, )
)
Plaintiff, )
)
v. )   No. B-01-045
)
UNITED STATES, et al., )
)
Defendants. )

## DEFENDANT UNITED STATES' ANSWER

Defendant United States, through its undersigned attorneys, answers the complaint as follows:

### First Defense

Any claims brought under the Constitution of the United States and 42 U.S.C. § 1983 are barred by sovereign immunity because the United States' consent to suit under the Federal Tort Claims Act does not extend to those claims.

### Second Defense

Any claims based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of an employee of the United States are barred by 28 U.S.C. § 2680(a).

### Third Defense

The conduct of the employees of the United States is privileged under Texas law.

### Fourth Defense

The complaint fails to state a claim upon which relief can be granted.

## Fifth Defense

The United States answers the numbered paragraphs of the complaint as follows:

1.      The allegations in this paragraph set forth plaintiff's characterization of the complaint to which no response is required.  To the extent a response may be required, the United States denies the allegations in this paragraph.

2.      The allegations in this paragraph set forth plaintiff's characterization of the complaint and state a legal conclusion to which no response is required.  To the extent a response may be required, the United States denies the allegations in this paragraph.

3-4.      The allegations in these paragraphs set forth plaintiff's characterization of the complaint to which no response is required.  To the extent a response may be required, the United States denies the allegations in these paragraphs.

5.      The United States admits that jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1346(b), 2671 et seq. and denies the remaining allegations in this paragraph.

6-7.      The United States admits the allegations in these paragraphs.

8.      The United States admits the allegations in the first sentence of this paragraph and is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

9-10.      The allegations in these paragraphs state a legal conclusion to which no response is required.  To the extent a response may be required, the United States denies the allegations in these paragraphs.

11.      The United States admits the allegations in this paragraph.

12-17. The United States is without knowledge or information sufficient to form a belief

2

as to the truth of the allegations in these paragraphs.

18.    The United States admits the allegations in the first, second and third sentences of this paragraph and is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of this paragraph.

19-22.  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

23.    The United States denies the allegations in this paragraph.

24.    The United States admits the allegations in this paragraph.

25.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.    The United States denies the allegations in this paragraph.

27.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28.    The United States denies the allegations in this paragraph.

29-31.  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

32.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, denies the allegations in the second sentence of this paragraph, and admits that plaintiff's statement contained a confession that he had been born in Mexico and had no claim to U.S. citizenship.

33.    The United States admits the allegations in the first sentence of this paragraph and is without knowledge or information sufficient to form a belief as to the truth of the allegations in

3

the second and third sentences of this paragraph.

  34. The United States admits the allegations in this paragraph.

  35. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and admits the allegations in the second sentence of this paragraph.

  36. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph, and denies the remaining allegations in this paragraph.

  37. The United States denies the allegations in this paragraph.

  38. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. The United States admits that on July 21, 2000, an Order Granting Writ of Habeas Corpus was entered, vacating the Order of Expedited Removal, and that on August 22, 2000, an Order Vacating Judgment and Conviction was entered, vacating plaintiff's criminal conviction, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of this paragraph.

  39. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response may be required, the United States denies the allegations in this paragraph.

  40. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

  41. The allegations in this paragraph state a legal conclusion to which no response is

4

required.  To the extent a response may be required, the United States denies the allegations in this paragraph.

42.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43.     The United States incorporates its answers to the previous paragraphs.

44-46.  The allegations in these paragraphs state a legal conclusion to which no response is required.  To the extent a response may be required, the United States denies the allegations in these paragraphs.

47.     The United States incorporates its answers to the previous paragraphs.

48-50.  The allegations in these paragraphs state a legal conclusion to which no response is required.  To the extent a response may be required, the United States denies the allegations in these paragraphs.

51.     The United States incorporates its answers to the previous paragraphs.

52-54.  The allegations in these paragraphs state a legal conclusion to which no response is required.  To the extent a response may be required, the United States denies the allegations in these paragraphs.

55.     The United States incorporates its answers to the previous paragraphs.

56-58.  The allegations in these paragraphs state a legal conclusion to which no response is required.  To the extent a response may be required, the United States denies the allegations in these paragraphs.

59.     The United States incorporates its answers to the previous paragraphs.

60-61.  The allegations in these paragraphs state a legal conclusion to which no response

5

is required.  To the extent a response may be required, the United States denies the allegations in these paragraphs.

WHEREFORE, having fully answered, the United States prays that the Court dismiss this action with prejudice, award it costs incurred in defending this action, and grant such other and further relief as it deems appropriate.

DATED at Washington, D.C. this 25th day of June 2001.

Respectfully submitted,

STUART SCHIFFER
Acting Assistant Attorney General
Civil Division

HELENE M. GOLDBERG
Director, Torts Branch
Civil Division

NICKI L. KOUTSIS
Assistant Director, Torts Branch
Civil Division

JOSEPH R. LIPTON
Attorney-in-charge
United States Department of Justice
P.O. Box 7146
Ben Franklin Station
Washington, D.C.  20044
Illinois Bar No. 6225473
Telephone:  (202) 616-1024
Facsimile:  (202) 616-4314

Attorneys for the United States

6

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served via first class mail a true and correct copy

of the foregoing Defendant United States' Answer, on this 25th day of June 2001, to:

Lisa S. Brodyaga
Refugio Del Rio Grande, Inc.
17891 Landrum Park Road
San Benito, Texas  78586

JOSEPH L. LIPTON